EL PUEBLO, DEMANDANTE Y APELADO, *v.* OLIVENCIA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un caso sobre acometimiento y agresión con circunstancias agravantes.

MOCIÓN del Fiscal para eliminar ciertos documentos de la transcripción.

No. 637.—Resuelto·en enero 26, 1914.

DESESTIMACIÓN DE APELACIÓN—FALTA DEL ESCRITO DE APELACIÓN—JURISDICCIÓN.—La falta del escrito de apelación en la transcripción de autos es una omisión que priva a esta corte de jurisdicción para conocer de una apelación y que implica la desestimación de la apelación, aún cuando la cuestión a resolver sea una moción presentada por el Fiscal para eliminar de la transcripción ciertos documentos.

ID.—COPIA DEL ESCRITO DE APELACIÓN—MANIFESTACIONES DE LAS PARTES.—Es tan necesaria la copia del escrito de apelación que no puede ser suplida por manifestaciones de las partes de que la apelación existe, ni por constancias del secretario de la corte inferior en tal sentido.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogado del apelante: *Sr. José de Diego.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Se nos ha presentado en este caso una moción para que eliminemos del récord de la apelación ciertos documentos que se alega no forman parte de él. La moción fué discutida por los abogados de las partes.

Al examinar el récord con objeto de resolver esa moción hemos observado que no figura en él la copia del escrito de apelación y que no hay otra constancia de que se ha interpuesto una apelación para ante esta Corte Suprema, que la

manifestación del secretario de la corte inferior al certificar la exactitud de la transcripción, de que la expide para remitir a este tribunal "en la apelación interpuesta por sentencia por esta honorable corte de distrito."

En vista de lo expuesto surge la pregunta de si tenemos jurisdicción para resolver algo en este caso como no sea la desestimación del recurso.

Para resolver cualquiera cuestión entre partes es necesario que tengamos jurisdicción sobre ellos y cuando se adquiere en grado de apelación es indispensable que del récord afirmativamente aparezca que la apelación ha sido interpuesta. La ley de marzo 7, 1908, para enmendar el artículo 356 del Código de Enjuiciamiento Criminal exige por su apartado 10 que en el récord de la apelación se incluya el escrito de apelación y no cumpliéndose con este requisito, no podemos saber que existe una apelación que podamos resolver. Por la falta del escrito de apelación debemos desestimar el recurso de apelación y así lo hemos hecho en otros casos. *Fernández* v. *Irizarry,* 10 D. P. R., 44; *López Landrón* v. *Rubert,* 14 D. P. R., 5; *El Pueblo* v. *Lorenzo,* 18 D. P. R., 978; *El Pueblo* v. *Lorenzo,* 18 D. P. R., 991; *Hernández* v. *Medina,* resuelto en noviembre 10, 1913.

Es tan necesaria la copia del escrito de apelación que no puede ser suplida por manifestaciones de las partes de que la apelación existe, ni por constancias del secretario de la corte inferior en tal sentido. *Hernández* v. *Medina,* resuelto en noviembre 10, 1913; *Hernández* v. *Hernández,* resuelto en noviembre 6, 1913; *López* v. *López,* resuelto en noviembre 6, 1913; *Aponte* v. *Freiría,* resuelto en diciembre 19, 1913; *Marxuach* v. *Aguilar et al.,* resuelto en diciembre 23, 1913.

La apelación debe ser desestimada.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.